UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | No.  2:24-cv-00831-DAD-CKD |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| PRECISION FIBER OPTICS, INC., et al., | (Doc. No. 8) |
| Defendants. | |

This matter is before the court on defendants Precision Fiber Optics, Inc. ("PFO") and Joseph Custer's motion to dismiss filed on April 11, 2024.  (Doc. No. 8.)  On April 16, 2024, the motion was taken under submission on the papers pursuant to Local Rule 230.  (Doc. No. 10.) For the reasons set forth below, the court will deny the pending motion to dismiss.

**BACKGROUND**

On March 18, 2024, plaintiff The Travelers Indemnity Company of Connecticut ("plaintiff Travelers") filed its complaint in this action.  (Doc. No. 1.)  In its complaint, plaintiff Travelers alleges as follows.

Next Phase Construction, Inc. ("NPC") filed a separate lawsuit in Sacramento County Superior Court in 2023, Case No. 34-2023-00336755-CU-FR-GDS entitled *Phase Construction, Inc. v. Joseph Custer, et al.* (the "Underlying Action") against defendants Custer and PFO, alleging that defendants "Custer and PFO requested payment for materials with no intention of

paying [for] the materials and wrongfully used the payment that was meant to pay for the materials." (*Id.* at ¶¶ 7–8.)  NPC further alleged that it requested defendants Custer and PFO return all unexpended funds to NPC, but defendants Custer and PFO failed to do so, leading to an unaccounted-for balance of $1,025,030.00 paid by NPC to PFO for materials.  (*Id.* at ¶ 8.)  In the Underlying Action, NPC seeks to recover damages from defendants Custer and PFO for (1) breach of contract, (2) common count, (3) negligence, (4) conversion, (5) fraud, and (6) breach of covenant of good faith and fair dealing.  (*Id.* at ¶ 7.)  Both the plaintiff and the defendants to the Underlying Action are now the named defendants in this federal action.  (*See generally*, Doc. No. 1.)

Plaintiff Travelers issued a commercial insurance policy (the "Travelers Policy") to PFO for the period of May 27, 2022 to May 27, 2023.  (*Id.* at ¶ 10.)  Defendant Custer is also an insured under the Travelers Policy based on information and belief that defendant Custer is a corporate officer of defendant PFO.  (*Id.*)  Defendants Custer and PFO tendered its defense of the Underlying Action to plaintiff Travelers, and on or about July 11, 2023, plaintiff Travelers accepted the defense of Custer and PFO subject to a reservation of rights, and it appointed counsel to defendants Custer and PFO in the Underlying Action.  (*Id.* at ¶¶ 12–13.)

Plaintiff Travelers now seeks a judicial declaration that (1) it is "not obligated to defend and indemnify defendants Custer and PFO under the Travelers [Policy]"; (2) "there is no coverage under the Travelers Policy for the Underlying Action or any damage or judgment arising therefrom"; and (3) that it "is not liable to pay or satisfy any claims, judgments, or awards in the Underlying Action[.]"  (*Id.* at 7.)

Plaintiff Travelers filed this case in federal court on the basis of diversity jurisdiction, alleging that "this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests."  (*Id.* at ¶ 5.)  Plaintiff Travelers is incorporated in the state of Connecticut and has its principal place of business there, while defendants PFO and NPC are incorporated in California and have their principal place of business in California.  (*Id.* at ¶¶ 1, 2, 4.)  In addition, defendant Custer is, and at all relevant times was, an individual residing in California.  (*Id.* at ¶ 3.)

On April 11, 2024, defendants Custer and PFO (collectively, the "moving defendants") filed the pending motion to dismiss plaintiff Travelers's complaint for lack of subject matter jurisdiction.  (Doc. No. 8.)  On April 24, 2024, plaintiff Travelers filed its opposition to that motion, and on May 9, 2024, the moving defendants filed their reply thereto.  (Doc. Nos. 11, 15.)

**LEGAL STANDARD**

As courts of limited jurisdiction, federal courts are presumed to be without jurisdiction over civil cases.  *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).  The burden of establishing otherwise lies with the party asserting jurisdiction.  *Id.*  Subject matter jurisdiction is required; it cannot be forfeited or waived.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Therefore, the absence of subject matter jurisdiction can be raised by either party at any stage of the case through a motion to dismiss under Rule 12(b)(1).  *Id.* at 506.  In addition, the district court may *sua sponte* raise the issue of lack of subject matter jurisdiction.  *Id.* at 514 ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted).  Here, because the moving defendants argue that the allegations in plaintiff's complaint are insufficient for the invocation of federal jurisdiction over plaintiff's claim for declaratory relief (Doc. No. 8 at 2), the moving defendants mount a facial attack under Rule 12(b)(1).

"The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):  [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  The court need not assume the truth of legal conclusions cast in the form of factual allegations.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

/////

3

1    **ANALYSIS**

2    Plaintiff's sole claim against the moving defendants is a request for declaratory relief.

3    (Doc. No. 1.)  "The Declaratory Judgment Act states, 'In a case of actual controversy within its

4    jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations

5    of any interested party seeking such declaration.'"  *Principal Life Ins. Co. v. Robinson*, 394 F.3d

6    665, 669 (9th Cir. 2005) (quoting 28 U.S.C. § 2201(a)).  The Declaratory Judgment Act

7    authorizes federal courts to declare the rights of a party seeking such a declaration, but federal

8    courts are not obligated to do so.  *Pub. Affs. Assocs. v. Rickover*, 369 U.S. 111, 112 (1962) ("The

9    Declaratory Judgment Act was an authorization, not a command.  It gave the federal courts

10   competence to make a declaration of rights; it did not impose a duty to do so.") (citing *Brillhart v.*

11   *Excess Ins. Co.*, 316 U.S. 491, 494, 499 (1942)).

12   In determining whether or not to exercise jurisdiction, "the district court must first inquire

13   whether there is an actual case or controversy within its jurisdiction."  *Principal Life Ins. Co.*, 394

14   F.3d at 669.  "Second, if the court finds that an actual case or controversy exists, the court must

15   decide whether to exercise its jurisdiction by analyzing the factors set out in [*Brillhart*], and its

16   progeny."  *Id.* (internal citations omitted); *see also Praetorian Ins. Co. v. Analy Mortg. Ctr.*, No.

17   10-cv-03100-ODW-JC, 2010 WL 3985261, at *3 (C.D. Cal. Oct. 8, 2010) ("If the suit passes

18   constitutional and statutory muster, the district court must also be satisfied that entertaining the

19   action is appropriate.").

20   **A.    Whether There Is an Actual Case or Controversy Within This Court's Jurisdiction**

21        1.    Whether There Is Diversity Jurisdiction

22   "Because the Declaratory Judgment Act does not by itself confer federal subject-matter

23   jurisdiction," the plaintiff must "plead an independent basis for federal jurisdiction."  *Nationwide*

24   *Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).  As noted above, plaintiff

25   Travelers filed this case in federal court based on diversity jurisdiction.  (Doc. No. 1 at ¶ 5.)

26   Therefore, the court first turns to whether diversity jurisdiction has been established.  *See* 28

27   U.S.C. § 1332.  In order to establish original jurisdiction based on diversity, the amount in

28   controversy must exceed $75,000, excluding interest and costs, and each plaintiff must be a

4

1   citizen of a different state from each defendant.  28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*,

2   519 U.S. 61, 68 (1996).

3       In their pending motion to dismiss, defendants appear to initially acknowledge that

4   plaintiff had properly asserted diversity jurisdiction, stating, "Travelers['s] only cause of action is

5   for declaratory relief and the complaint sets forth no subject matter jurisdiction, but only diversity

6   jurisdiction." (Doc. No. 8 at 2.)  However, in their later reply, defendants argue for the first time

7   that plaintiff Travelers has not adequately pled diversity jurisdiction.  (Doc. No. 15 at 2–3.)

8   Generally, a "district court need not consider arguments raised for the first time in a reply brief."

9   *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Nevertheless, the court must do so here

10  because subject matter jurisdiction cannot be forfeited.  *See Arbaugh*, 546 U.S. at 514.

11      As an initial matter, in disputing diversity jurisdiction, the moving defendants challenge

12  the amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc.

13  No. 15 at 2.)  Specifically, the moving defendants contend:

14          Travelers['s] claims that the amount in controversy in the underlying
            state court action is the amount in controversy of this litigation, but
15          offers no relevant case law to support the proposition.  *Francis v.
            Allstate* [*Insurance Co.*,] 709 F.3d 362 [4th Cir. 2013] deals with
16          removal jurisdiction and is out of the Fourth Circuit and cites to *Hunt
            v. Washington State Apple* [*Advertising Commission*,] 432 U.S. 333
17          [(1977)], which has long since been superseded by statute (*See
            United Food & [Com.] Workers [Union Loc. 751] v. Brown [Grp.,
18          Inc.*,] 517 U.S. 544[,] 557 [(1996)]).

19  (Doc. No. 15 at 2.)  Defendants' arguments in this regard are frivolous.  The Supreme Court's

20  decision in *Hunt* was superseded by statute, as acknowledged in *United Food*, 517 U.S. at 557,

21  but on different grounds, and the Ninth Circuit has since repeated the holding in *Hunt* that "in

22  actions seeking declaratory or injunctive relief, the amount in controversy is measured by the

23  value of the object of the litigation." *Maine Cmty. Health Options v. Albertsons Companies, Inc.*,

24  993 F.3d 720, 723 (9th Cir. 2021); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775

25  (9th Cir. 2017).  Here, the amount in controversy is satisfied because the underlying property is

26  alleged to be worth $ 1,025,030.00.  (Doc. No. 1 at ¶ 8.)

27      Next, defendants argue "[d]iversity is also [] a problem for Travelers where its presence in

28  the State of California is so pervasive that its network of agents, employees, and attorneys qualify

as Travelers nerve or muscle center for purposes of citizenship." (Doc. No. 15 at 3.) This argument advanced by the moving defendants is also unavailing. For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State . . . which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has held that this is a singular place, located in a state, which is the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93–94 (2010). In practice, "it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]" *Id.* at 93. Here, the moving defendants have merely claimed that plaintiff Travelers is pervasive in California, but not that it is incorporated or has its principal place of business, *i.e.*, its "nerve center," in California. Plaintiff Travelers has adequately alleged in its complaint that it is incorporated in the state of Connecticut and also has its principal place of business in Connecticut (*see* Doc. No. 1 at ¶ 1), and the court has no reason to believe that these allegations are implausible. Furthermore, the moving defendants do not argue that any of the defendants are citizens of Connecticut.

Because plaintiff Travelers has properly established diversity jurisdiction, defendants' motion to dismiss the complaint for failure to establish diversity of citizenship will be denied.

2.     Whether There Is a Case or Controversy

In their motion to dismiss, defendants next contend that the court lacks subject matter jurisdiction over this action because the complaint does not "demonstrate an actual controversy regarding a matter within federal court subject matter jurisdiction." (Doc. No. 8 at 2.)

Unless there is an "actual controversy" within the meaning of the Declaratory Judgment Act, the court is unable to grant declaratory relief. *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986); U.S.C.A. Constitution, Art. III, § 2. An "actual controversy" exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted).

6

The Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998) (citing cases); *see also Am. Fam. Connect Prop. & Cas. Ins. Co. v. Huebner*, No. 21-36057, 2022 WL 17883612, at *1 (9th Cir. 2022).[1]  Here, plaintiff Travelers seeks a declaratory judgment to resolve the dispute regarding its duties, if any, under the Travelers Policy concerning the defense and indemnification of defendants Custer and PFO in the Underlying Action.  (*See* Doc. No. 1.)  Thus, there exists a case or controversy, conferring jurisdiction upon this court.  *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) ("[I]n a declaratory judgment action brought to determine a duty to defend or to indemnify, the court may exercise jurisdiction."); *Evanston Ins. Co. v. Organic Ag, Inc.*, No. 17-cv-08762-JAK-MRW, 2018 WL 7501261, at *5 (C.D. Cal. Apr. 24, 2018) ("The crux of the Complaint is that Plaintiff does not have any coverage obligations under the Policies for the claims advanced in the Underlying Litigation due to certain exclusions from coverage that are stated in the Policies.  In this action, Plaintiff seeks to adjudicate the dispute as to its duties, if any, under the Policies with respect to the defense of [the defendant] in the Underlying Litigation.  Consequently, the Complaint presents an actual case or controversy.").

## B.      Whether the *Brillhart* Doctrine Counsels This Court to Exercise Jurisdiction

Having found that there is a case or controversy conferring jurisdiction upon it, the court turns to whether it should exercise jurisdiction.  *See Principal Life Ins. Co.*, 394 F.3d at 669.  In their pending motion to dismiss, the moving defendants argue that "[t]he Complaint asks this Court to make a determination of insurance coverage, which is a matter of State law and for a California State Court to decide."  (Doc. No. 8 at 2.)  In their reply, defendants also argue that "Travelers may just as easily avail itself of the California State Court which is better positioned to decide the issues presented in the complaint here."  (Doc. No. 15 at 3.)  Although the moving

/////

---

[1]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

1    defendants do not explicitly refer to the *Brillhart* doctrine in their motion or reply, their

2    arguments relate to some of the *Brillhart* factors.

3        The *Brillhart* factors "remain the philosophic touchstone for the district court" and

4    provide that the court should:  "avoid duplicative litigation"; "discourage litigants from filing

5    declaratory actions as a means of forum shopping"; and "avoid needless determination of state

6    law issues[.]"  *Dizol*, 133 F.3d at 1225.  Other considerations in determining whether the court

7    should exercise jurisdiction include:  "whether the declaratory action will settle all aspects of the

8    controversy; whether the declaratory action will serve a useful purpose in clarifying the legal

9    relations at issue; whether the declaratory action is being sought merely for the purposes of

10   procedural fencing or to obtain a '*res judicata*' advantage; or whether the use of a declaratory

11   action will result in entanglement between the federal and state court systems."  *Id.* at 1225 n.5

12   (quoting *Kearns*, 15 F.3d at 145).  Essentially, the district court "must balance concerns of

13   judicial administration, comity, and fairness to the litigants."  *Chamberlain v. Allstate Ins. Co.*,

14   931 F.2d 1361, 1367 (9th Cir. 1991).  District courts are "in the best position to assess how

15   judicial economy, comity and federalism are affected in a given case."  *Dizol*, 133 F.3d at 1226.

16   "[T]here is no presumption in favor of abstention in declaratory actions . . . ."  *Id.* at 1225.

17       The *Brillhart* doctrine counsels against "a federal court . . . proceed[ing] in a declaratory

18   judgment suit where another suit is pending in a state court presenting the same issues, not

19   governed by federal law, between the same parties."  316 U.S. at 495.  In this case, the parties

20   involved are not the same as those involved in the Underlying Action.  Although plaintiff

21   Travelers is allegedly currently funding the legal defense of defendants PFO and Custer in the

22   Underlying Action, this does not make plaintiff Travelers a party in that case or give it standing to

23   bring independent claims or assert its coverage defenses.  *See Gen. Ins. Co. of Am. v. Stephen*

24   *Hall*, No. 2:22-cv-03878-MCS-GJS, 2022 WL 19237964, at *2 (C.D. Cal. Oct. 31, 2022) ("The

25   fact that [the plaintiff] is currently funding [the defendant's] legal defense does not somehow

26   transform [the plaintiff] into a party or give it standing to bring its own independent claims or

27   assert its coverage defenses in the Underlying Action.") (internal quotation marks and citation

28   omitted).

8

Additionally, the issues presented in this federal action are different from those in the Underlying Action.  This court is asked to determine whether plaintiff Travelers has a duty to indemnify or defend defendants PFO and Custer in the Underlying Action, while the Underlying Action is limited to resolving issues related to PFO and Custer's liability and any resulting damages.  (*See* Doc. No. 1-1.)  Both disputes arise from the same conduct but present separate legal questions.  Furthermore, here, the federal court is asked to interpret the Travelers Policy's contractual language, which "is not uncommon to federal courts and generally does not require novel issues of state law."  *Stephan Hall*, 2022 WL 19237964, at *3 (quoting *N. E. Ins. Co. v. Masonmar, Inc.*, No. 1:13-cv-00364-AWI, 2013 WL 2474682, at *3 (E.D. Cal. June 7, 2013)).  Therefore, exercising jurisdiction over this action does not pose a threat of this federal court inappropriately determining state law issues.

The moving defendants' motion does not address other relevant factors for the court's consideration.  Without the moving defendants briefing these factors, the court has no basis to decline the exercise of jurisdiction.  *See Dizol*, 33 F.3d at 1227 (holding that a court is not obligated to address the appropriateness of maintaining jurisdiction over a declaratory relief action *sua sponte*).  Furthermore, the court finds that the factors which the moving defendants discussed weigh in favor of the court entertaining jurisdiction.  Consequently, the court will deny the moving defendants' motion to dismiss to the extent it seeks to persuade the court to exercise its discretion to dismiss the action under the Declaratory Judgment Act.

## CONCLUSION

For the reasons explained above, the moving defendants' motion to dismiss (Doc. No. 8) is denied.

IT IS SO ORDERED.

Dated:   __June 11, 2024__                           _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE